NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| VICTOR BLANDON-SANCHEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, *et al.*,<br><br>Respondents. | Civil Action No. 26-2022 (MAS)<br><br>**OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Petitioner Victor Blandon-Sanchez's ("Petitioner")
habeas petition brought pursuant to 28 U.S.C. § 2241 which seeks to challenge a final, expedited
removal order entered against him while he was in the custody of the Bureau of Prisons. (ECF
No. 1.) Because Petitioner has now paid the applicable filing fee (ECF Docket Sheet), the Court
is required by Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 petitions
through rule 1(b), to screen the petition and determine whether it "plainly appears from the petition
and any attached exhibits that the petitioner is not entitled to [habeas] relief." For the reasons set
forth below, Petitioner's habeas petition shall be dismissed without prejudice.

I.    BACKGROUND

Petitioner is a federal prisoner serving a criminal sentence at FCI Fort Dix. (ECF No. 1 at
5.) On January 11, 2026, immigration officials issued a final expedited removal order against
Petitioner pursuant to 8 U.S.C. § 1225(b)(1). (ECF No. 1-1 at 5.) In his habeas petition, Petitioner
seeks to challenge that removal order on a number of grounds, specifically alleging that: (1) the

statute does not apply to him as he has been in custody for more than two years; (2) immigration officials did not follow their own regulations in entering that order; (3) the order allegedly violates stays entered in proceedings in the District Court for the District of Columbia; and (4) the order of removal violates due process as he did not receive a hearing or adequate credible fear review. (*Id.* at 5-31.) Petitioner's challenges seek to have his expedited removal order reviewed, vacated, and overturned. (*Id.* at 32-33.) Petitioner's challenges appear to be motivated by the loss of credits and prerelease custody opportunities as a result of the entry of his removal order. (*Id.*)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241(c), a federal court has jurisdiction over a habeas petition and habeas relief may be extended to a petitioner only if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III.    DISCUSSION

Petitioner seeks to challenge a final, expedited removal order entered against him pursuant to 8 U.S.C. § 1225(b)(1). This Court's jurisdiction over challenges to such removal orders, however, is extremely limited. As the Third Circuit has explained, 8 U.S.C. § 1252 expressly limits the jurisdiction of District Courts to consider challenges to expedited removal orders to three questions: (1) whether the petitioner is an alien; (2) whether he was ordered removed; and (3) whether he can show he was previously lawfully admitted for permanent residence, as a refugee, or granted asylum, without that status being terminated. *See Castro v. United States*, 835 F.3d 422, 430 (3d Cir. 2016) (discussing 8 U.S.C. § 1252(e)). Because Petitioner admits that he is not an American Citizen, does not assert that he was relevantly lawfully admitted, and was paroled into the United States solely for criminal prosecution, the Court's jurisdiction is limited to "whether [an expedited removal order] in fact was issued and whether it relates to the [P]etitioner."

2

*Id.* Thus, a reviewing court can only determine "whether an immigration officer issued that piece of paper and whether the [p]etitioner is the same person referred to in that order." *Id.* at 431 (internal quotations omitted).

Thus, absent a viable claim that the statute violates the suspension clause as applied to Petitioner, Petitioner's challenges to his expedited removal order are barred by § 1252, and the Court may only determine whether the expedited order Petitioner seeks to challenge was issued and applies to him. *Id.* As to those questions, the order was, in fact, issued and it clearly refers to Petitioner. (*See* ECF No. 1-1 at 5.) Petitioner therefore has a final, expedited order of removal that applies to him, and the Court cannot review that order or the process which led to its issuance unless Petitioner can show that 8 U.S.C. § 1252 violates the suspension clause as applied to him.

Petitioner does not address § 1252, nor does he argue that the jurisdictional limitations in the statute violate the suspension clause as applied to him. Relevant Third Circuit case law, however, holds that aliens apprehended at or near the border or a port of entry generally cannot mount a Suspension Clause challenge to § 1252 absent the development of a special relationship between the alien and the United States or a particular state which creates "significant ties to this country" which would warrant additional procedural protections beyond those normally available to such aliens. *See Osorio-Martinez v. Att'y Gen.*, 893 F.3d 153, 166-67 (3d Cir. 2018). The only such relationship the Third Circuit has recognized as creating such "significant ties" is the grant of Special Immigrant Juvenile status, which Petitioner does not allege he possesses. *Id.* at 168. Because Petitioner does not appear to have developed any special relationship with the United States during his time in this country—all of which has been spent in criminal detention following his parole into the United States solely for the purposes of criminal prosecution—binding case law indicates that he cannot invoke the Suspension Clause to overcome the jurisdictional limitations of § 1252 on the record currently before the Court. *Osorio-Martinez*, 893 F.3d at 166-68; *Castro*,

3

835 F.3d at 444-48. Petitioner's habeas petition must therefore be dismissed without prejudice because the Court lacks jurisdiction to address Petitioner's challenges to his expedited removal order in the absence of a clear violation of the Suspension Clause.

## IV.    CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.** An order consistent with this Opinion will be entered.

_____

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: 8/3/26

4